IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LAKES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL CHERTOFF,<br><br>　　　　Defendant<br>_____/ | No. C-05-4874 MMC<br>No. C-07-1792 MMC<br><br>**ORDER STRIKING PLAINTIFF'S EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AFFORDING PLAINTIFF OPPORTUNITY TO REFILE EVIDENCE AND DEFENDANT OPPORTUNITY TO FILE AMENDED REPLY; CONTINUING HEARING ON MOTION FOR SUMMARY JUDGMENT; VACATING TRIAL AND PRETRIAL CONFERENCE** |

　　　　On February 12, 2008, defendant filed a motion for summary judgment in the above-titled consolidated action, which motion is currently set for hearing on March 28, 2008. On March 10, 2008, the Court approved the parties' stipulation to continue from March 7, 2008 to March 10, 2008 the deadline for plaintiff to file his opposition, and to continue from March 14, 2008 to March 17, 2008 the deadline for defendant to file his reply.

　　　　Thereafter, on March 10, 2008, plaintiff filed a timely memorandum of points and authorities in opposition to defendant's motion. Although plaintiff's memorandum cited to and relied upon a number of exhibits, (see, e.g., Pl.'s Opp. at 3:16 (citing to "Exhibit '1'")),

1 however, plaintiff failed to file any such exhibit, or any other evidence, at that time.  The
2 next day, March 11, 2008, plaintiff filed, as five separate docket entries, excerpts of
3 testimony taken at various depositions, as well as at a hearing, and filed, as a sixth docket
4 entry, an affidavit apparently filed in another action.  (See Docket Nos. 62-67.)  On March
5 13, 2008, plaintiff filed, as three separate docket entries, further evidence, specifically,
6 copies of a document and excerpts from two depositions.  (See Docket Nos. 68-70.)

7       On March 17, 2008, plaintiff filed the Declaration of David L. Ross, attaching thereto
8 eight exhibits.  (See Docket No. 72.)  Some of the pages included within the eight exhibits
9 had been filed by plaintiff on March 11, 2008 and March 13, 2008, while other pages were
10 filed for the first time on March 17, 2008.  It does not appear, however, that plaintiff
11 intended the exhibits attached to the Ross Declaration to constitute the entirety of plaintiff's
12 evidence, as some of the documents filed earlier by plaintiff are not included in the exhibits
13 attached to said declaration.[1]

14       The briefing on defendant's motion concluded on March 17, 2008, when defendant
15 filed a timely reply.[2]  In his reply, defendant, observing that, on March 17, 2008, he was
16 served for the first time with some of the exhibits, including a declaration signed by plaintiff,
17 states he did not have time to prepare a response thereto.  Further, defendant points out,
18 all of plaintiff's exhibits are untimely, because none was filed, in any form, on March 10,
19 2008; consequently, defendant argues, none of such evidence should be considered.

20       The Court declines to consider plaintiff's opposition and defendant's reply under the
21 circumstances described above.  First, the Court will not consider plaintiff's evidence in the
22 form it has been submitted.  Second, although defendant had good cause not to respond to
23 evidence filed for the first time on the date defendant's reply was due, the Court finds it

---

[1] As one example, the document filed by plaintiff as Docket No. 63, which is a page numbered "163" from what is apparently a transcript of an administrative hearing, is not included in any of the eight exhibits attached to the Ross Declaration.

[2] Although the reply was timely filed, defendant has, to date, failed to provide a chambers copy of such document.  Both parties are reminded of their obligation to submit, no later than noon on the day after electronically filing any document, a chambers copy of such filing.

preferable to afford plaintiff the opportunity to present his evidence, properly identified and in an orderly fashion, and to afford defendant an opportunity to respond to a complete set of exhibits, before the Court determines whether any material facts are in dispute.

Accordingly, the Court hereby rules as follows:

1. Plaintiff's evidence offered in opposition to defendant's motion for summary judgment, specifically, Docket Nos. 62-70 and 72, is hereby STRICKEN.

2. Plaintiff is afforded leave to file, no later than March 31, 2008, a single, complete set of the exhibits on which he relied in his memorandum filed in opposition to defendant's motion.

3. Defendant shall file, no later than April 14, 2008, an amended reply, in which he shall address such evidence, to the extent defendant finds necessary.[3]

4. The hearing on defendant's motion for summary judgment is hereby CONTINUED to May 2, 2008, at 9:00 a.m.

5. The May 6, 2008 Pretrial Conference and May 19, 2008 trial date are hereby VACATED, and will be reset, if appropriate, upon resolution of defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: March 24, 2008

MAXINE M. CHESNEY
United States District Judge

---

[3] Defendant shall not file a supplemental reply, but, rather, an amended reply.